■ CFG/AGSCB Chelsea Ninth, L. L. C., Appellant, v Thinking Pictures, Inc., Respondent, et al., Defendants. [717 NYS2d 557] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered October 18, 1999, which, insofar as appealed from, granted defendant tenant's cross motion for summary judgment dismissing plaintiff landlord's cause of action for reformation of the parties' lease so as to limit permitted use of the premises to the development of computer software applications for the entertainment and media industries, unanimously affirmed, with costs.

The clause in the preprinted lease that the landlord would reform provides that "Tenant shall use and occupy demised premises for _____ provided such use is in accordance with the Certificate of Occupancy for the building, if any, and for no other purpose." Since "there is a 'heavy presumption that a deliberately prepared and executed written instrument manifest[s] the true intention of the parties'" (*Chimart Assocs. v Paul*, 66 NY2d 570, 574; *see also, Gaylords Natl. Corp. v Arlen Realty & Dev. Corp.*, 112 AD2d 93, 96), we

think the tenant's burden on its cross motion of showing, prima facie, that the parties did not intend the limitation urged, but rather intended to permit all uses in accordance with the certificate of occupancy, was satisfied by the very fact that the blank space where a limitation should have been filled in, if in fact intended, was not filled in (*cf., Chimart Assocs. v Paul, supra*). The burden was therefore on the landlord to come forward with a "'high level'" of evidence sufficient to raise an issue of fact as to whether the limitation it urges was intended but mistakenly omitted (*id.*, at 574). This the landlord failed to do. We reject its argument that such issue is raised in that a construction of the clause that permits all uses in accordance with the certificate of occupancy would render meaningless the words "for no other purpose," and would duplicate another clause in the lease that also prohibits the tenant from using the premises in violation of the certificate of occupancy. Since the lease here is a preprinted form that contains other undeleted clauses with blank spaces that were not filled in, the necessary "unequivocal evidence of mutual mistake" (*id.*) is not provided by the circumstance that the clause in question, neither deleted nor filled in as it is, duplicates another clause and contains meaningless words. As likely as not, the clause was not filled in and simply skipped over since it was inapplicable to the parties' particular circumstances. Concur—Mazzarelli, J. P., Wallach, Andrias, Saxe and Buckley, JJ.